# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  October 26, 2021

| | |
|---|---|
| * * * * * * * * * * * * * * | UNPUBLISHED |
| TARI HAFNER, * | No. 17-526V |
| * | Special Master Horner |
| Petitioner, * | |
| * | |
| v. * | |
| * | |
| SECRETARY OF HEALTH * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * * | |

<u>Sidney P. Cominsky</u>, Sidney P. Cominsky, LLC, Syracuse, NY, for Petitioner.
<u>Lara A. Englund</u>, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On April 14, 2017, Tari Hafner ("petitioner") filed a claim under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012),[2] alleging that she suffered idiopathic thrombocytopenic purpura as a result of her receipt of the influenza vaccination on September 21, 2015. (ECF No. 1.) On April 17, 2020, the parties filed a stipulation, which I adopted as my decision awarding compensation on the same day. (ECF No. 65).

On November 12, 2020, petitioner filed an application for attorneys' fees and costs. (ECF No. 69) ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $41,320.79, representing $31,557.50 in fees and $9,763.29 in attorneys' costs. Pursuant to General Order No. 9, petitioner has indicated that she has not personally incurred any costs in pursuit of this litigation. Fees App. Ex. 7. Respondent responded to the motion on May 10, 2021, indicating

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet**.  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.  Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp. at 2 (ECF No. 70). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I.      Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a.  Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at \*19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, and 2020 can be accessed online.[3]

Petitioner requests the following hourly rates for the work of her attorneys: for Mr. Sidney Cominsky, $370.00 per hour for work performed in 2016, $380.00 per hour for work performed in 2017, $390.00 per hour for work performed in 2018, $400.00 per hour for work performed in 2019, and $415.00 per hour for work performed in 2020; for Ms. Jacqueline Miller, $165.00 per hour for work performed in 2017; and for Ms. Sylvia Bode Kraus, $220.00 per hour for work performed in 2017, $230.00 per hour for work performed in 2018, $240.00 per hour for work performed in 2019, and $250.00 per hour for work performed in 2020. The rates requested for Mr. Cominsky's work are reasonable and shall be awarded herein. The rates requested for Ms. Miller and Ms. Kraus require further discussion and reduction because neither is licensed to practice law before the Court of Federal Claims.

In order to be eligible to practice in the Vaccine Program, an attorney must be admitted to practice before the Court, and thus a non-admitted attorney cannot generally recover attorney's fees. *Underwood v. Sec'y of Health & Hum. Servs.*, No. 00-357V, 2013 WL 3157525, at \*4 (Fed. Cl. Spec. Mstr. May 31, 2013); *see also* Vaccine Rule 14(a)(1). At best, non-admitted attorneys may be compensated for work on a Program case, but only at a rate consistent with that of a non-attorney, supportive role, akin to a paralegal. *See Pearson v. Sec'y of Health & Hum. Servs.*, No. 17-489V, 2019 WL 7167552, at \*4 (Fed. Cl. Spec. Mstr. Oct. 29, 2019) (citing *Mackey v. Sec'y of Health & Hum. Servs.*, No. 16-1289V, 2018 WL 3596801, at \*5–6 (Fed. Cl. Spec. Mstr. May 10, 2018) (declining to compensate a non-admitted attorney at an attorney rate, but instead awarding fees for non-attorney-level work for work performed in a supportive role)); *Razka v. Sec'y of Health & Hum. Servs.*, No. 14-1224V, 2017 WL 3165479, at \*3 (Fed. Cl. Spec. Mstr. June 30, 2017) (citation omitted) (distinguishing rates of compensation available to admitted and non-admitted attorneys practicing in the Vaccine Program). But work performed by a non-admitted attorney in preparing a Vaccine Program case for filing (and hence before its actual initiation) *can* be compensated at the attorney's normal rate, subject to the same reasonableness considerations that apply in calculating any fees award. *See Pearson*, 2019 WL 7167552, at \*4 (citing *Avila v. Sec'y of Health & Hum. Servs.*, No. 14-605V, 2016 WL 6995372, at \*2 (Fed. Cl. Spec. Mstr. Nov. 4, 2016)); *Barrett v. Sec'y of Health & Hum. Servs.*, No. 09-389V, 2014 WL 2505689, at \*14 (Fed. Cl. Spec. Mstr. May 13, 2014).

With these standards in mind, I find the time billed by Ms. Miller to be reasonable because all her work was done prior to the filing of the petitioner. For Ms. Kraus, the billing records indicate that she billed 7.1 hours of work in 2017 prior to the filing of the petition which can be compensated at attorney rates. However, the requested rate of $220.00 per hour for Ms. Kraus is

---

[3] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914.

excessive. Ms. Kraus was admitted to practice law in 2014, giving her approximately three years of legal experience in 2017. This appears to be Ms. Kraus' first time doing Vaccine Program work. The OSM Fee Schedule prescribes an hourly rate between $159.00 and $230.00 per hour for attorneys with less than 4 years of legal experience in 2017. Given Ms. Kraus' lack of Vaccine Program experience, the undersigned would not except an hourly rate near the top of the range to be reasonable. Upon review, $200.00 per hour is a reasonable rate for Ms. Kraus' attorney work in 2017. For the work performed after the filing of the petition, because Ms. Kraus is not barred before the Court of Federal Claims, I find that she is not eligible to receive attorney rates and will therefore be compensated at the highest paralegal rates for those years: $148.00 per hour for 2017, $153.00 per hour for 2018, $156.00 per hour for 2019, and $163.00 per hour for 2020. Application of these rates results in a reduction of $1,936.20.[4]

### b.  Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Upon review, the overall number of hours billed appears to be reasonable. I have reviewed the billing entries and find that they adequately describe the work done on the case and the amount of time spent on that work. I do not find any of the entries to be objectionable, nor has respondent identified any as such. Petitioner is therefore awarded final attorneys' fees of $29,621.30.

### c.  Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $9,763.29 in attorneys' costs, comprised of acquiring medical records, postage, the Court's filing fee, and work performed by petitioner's medical expert, Dr. Edwin Forman. Fees App. Ex. 3, 4. Petitioner has provided adequate documentation of the requested costs and they appear to be reasonable in my experience. Petitioner is therefore awarded the full amount of costs sought.

## II.  Conclusion

Based on all the above, I find that petitioner is entitled to the following award of reasonable attorneys' fees and costs:

---

[4] 2017: Attorney rates – ($220.00 per hour requested - $200.00 per hour awarded) * 7.1 hours = $142.00. Paralegal rates – ($220.00 per hour requested - $148.00 per hour awarded) * 4.0 hours = $288.00.
2018: ($230.00 per hour requested - $153.00 per hour awarded) * 11.8 hours = $908.60.
2019: ($240.00 per hour requested - $156.00 per hour awarded) * 0.9 hours = $75.60.
2020: ($250.00 per hour requested - $163.00 per hour awarded) * 6.0 hours = $522.00.

| Attorneys' Fees Requested | $31,557.50 |
|---|---|
| (Reduction to Fees) | - ($1,936.20) |
| **Total Attorneys' Fees Awarded** | **$29,621.30** |
| | |
| Attorneys' Costs Requested | $9,763.29 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$9,763.29** |
| | |
| **Total Attorneys' Fees and Costs** | **$39,384.59** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. I find it reasonable to compensate petitioner and her counsel with **a lump sum in the amount of $39,384.59, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Sidney Cominsky, Esq.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[5]


**IT IS SO ORDERED.**


s/Daniel T. Horner
Daniel T. Horner
Special Master


---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).